1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERTO ACEVEDO, | ) Case No.: 1:16-cv-00733-AWI-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT, WITH <br> ) LEAVE TO AMEND, FOR FAILURE TO STATE <br> ) A COGNIZABLE CLAIM FOR RELIEF |
| RAY FISHER, JR., | ) |
| Defendant. | ) [ECF No. 1] |
| | ) |
| | ) |

Plaintiff Gilberto Acevedo is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

1

1    do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

2    550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally

3    participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County,

4    Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

5           Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

6    liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

7    higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive

8    screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow

9    the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal,

10   556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).   The "sheer

11   possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely

12   consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556

13   U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

16          Plaintiff names Warden, Ray Fisher Jr. and Does 1 through 100, as Defendants.  On June 4,

17   2007, Plaintiff suffered an injury and due to the injury he was provided a bottom bunk.  On August 17,

18   2015, Nurse Practitioner, Kelly Phanh, rescinded the bottom bunk chrono forcing Plaintiff to be re-

19   housed in an upper bunk.  Plaintiff slipped and fell from the top bunk and landed on a portable fan and

20   storage container, which worsened his prior injury.  Plaintiff has made several requests for a bottom

21   bunk and such requests have been denied.  Plaintiff has also submitted several medical requests and

22   has only received "harsh insulting abusive language and maltreatment."  Plaintiff requested a doctor

23   that will provide treatment but his request was denied.  Plaintiff has requested a wheelchair but his

24   requests have been denied.  Plaintiff is currently having trouble getting around and accessing programs

25   on his own without the assistance of a medical device.

26   ///

27   ///

28   ///

### III.

### DISCUSSION

**A.      Section 1983 Liability/Naming of Doe Defendants**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Further, "Doe" defendant liability must also be properly alleged. Plaintiff has included Doe Defendants 1 through 100 in his complaint, but failed to identify specifically what each "Doe" Defendant did. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, No. C 09-2921 JSW (PR), 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010). If Plaintiff can only list Defendants as John/Jane Does, Plaintiff must allege specific acts that each Doe Defendant did , such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, No. 1:07-cv-00759-LJO-DLB PC, 2009 WL 464486.

**B.      Exhaustion of Administrative Remedies**

Pursuant to the Prison Litigation Reform Act (PLRA) of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v.

1    Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).   Exhaustion is required regardless of the relief

2    sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

3    731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v.

4    Nussle, 435 U.S. 516, 532 (2002).

5           Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's

6    complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears

7    on its face.   Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th

8    Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the

9    complaint, his complaint is subject to dismissal for failure to state a claim); Wyatt v. Terhune, 315

10   F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for

11   dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

12          In this case, Plaintiff used a form complaint under the Civil Rights Act, 42 U.S.C. § 1983,

13   which asks "[i]s there a grievance procedure available at your institution?" Plaintiff checked the box

14   "yes."  (ECF No. 1 at 3.)  Plaintiff is then asked if he has "filed a grievance concerning the facts

15   relating to this complaint?"  In response, Plaintiff checked the box "yes."  In response to the question

16   whether the appeal was submitted to the highest level, Plaintiff checked the box "no," and explains

17   "[t]he appeals coordinator continues to accept my grievance."  (Id.)

18          Plaintiff is advised that he must exhaust the available administrative remedies prior to filing

19   suit as to all claims, even those for monetary damages.  See Booth v. Churner, 532 U.S. 731, 741

20   (2001) (noting exhaustion of administrative remedies under the PLRA is mandatory, regardless of the

21   relief offered and sought.)  In addition, a prisoner must exhaust the administrative remedies prior to

22   filing his complaint in federal court.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

23   Based on Plaintiff's assertion on the complaint form that he did not submit his appeal to the highest

24   level of review, it is not clear whether he has exhausted the administrative remedies.  However,

25   Plaintiff is advised that any claims not exhausted through the available administrative remedies may

26   be subject to dismissal without prejudice.[1]

27

28   _____

[1] The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must

1

### C.  Deliberate Indifference to a Serious Medical Need

2    While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical

3  care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to

4  an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled

5  in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.

6  Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

7  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition

8  could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that

9  "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing

10  Jett, 439 F.3d at 1096).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond

11  to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680

12  F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective

13  recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and

14  quotation marks omitted); Wilhelm, 680 F.3d at 1122.

15    Plaintiff fails to link any individual to specific allegations giving rise to a claim for deliberate

16  indifference for the failure to provide a medical chrono for a lower bunk.  Plaintiff has failed to

17  specify the medical condition that warranted the issuance of a lower bunk chrono or the reasons, if

18  any, that were provided for denying him a lower bunk chrono.  The mere fact that Plaintiff disagrees

19  with any medical determination does not give rise to a claim for deliberate indifference.  See Estelle v.

20  Gamble, 429 U.S. 97, 107-108 (1976) ("[a] medical decision not to order [a form of treatment] …

21  does not represent cruel and unusual punishment."); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.

22  1989).  The Court will grant Plaintiff leave to amend in light of the applicable standards set forth

23  above.

24  ///

25  ///

26

27  plead and prove.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  Thus, inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  Albino holds that, in general, the defense should be brought as a Rule 56 motion for summary judgment, unless in the rare event that the prisoner's failure to exhaust is clear on the face of the

28  complaint.  Id. at 1168-1169, 1171.

**D.     Supervisory Liability**

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Warden Fisher.  The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as

6

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed May 26, 2016, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 25, 2016**

UNITED STATES MAGISTRATE JUDGE